## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAREK CHARVAT, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRST NATIONAL BANK OF WAHOO,<br><br>Defendant. | CASE NO. 8:12CV97<br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim (Filing No. 39). Defendant First National Bank of Wahoo ("FNBW") asserts: (1) Plaintiff Jarek Charvat's individual claims are barred by the repeal of the on-machine notice requirement in the Electronic Fund Transfer Act ("EFTA") at 15 U.S.C. § 1693b(d)(3)(B), and (2) Charvat's class claims are barred because the class was not certified before the repeal of the EFTA's on-machine notice requirement.

### FACTUAL AND PROCEDURAL BACKGROUND

For purposes of the pending Motion, the Court accepts as true all well-pled factual allegations in the Class Action Complaint ("Complaint") (Filing No. 1), although the Court need not accept Charvat's legal conclusions.

The following is a summary of the allegations in the Complaint: Charvat made two separate electronic fund transfers ("EFTs") from FNBW's automated teller machine ("ATM") located at 354 North Chestnut Street, Wahoo, Nebraska, on or about January 22, 2012, and March 4, 2012. FNBW charged Charvat a fee of $2.00 in connection with each transaction. At the time of the EFTs, there was no notice posted "on or at" the ATM advising consumers that a fee would be charged for the use of the ATM. Charvat does not allege that he received no on-screen notice that a fee would be charged. On March 8, 2012, Charvat brought this

action against FNBW alleging violations of the EFTA,[1] 15 U.S.C. §§ 1693-1693r, and its implementing regulations 12 C.F.R. §§ 205.1-205.20. Charvat seeks statutory damages for himself and members of a proposed class of similarly situated persons, as well as an award of costs and attorney fees.

On July 12, 2012, this Court granted an earlier motion to dismiss, finding that this Court lacked subject matter jurisdiction, because Charvat suffered no injury-in-fact and, therefore, lacked standing to bring his claim. *See* Filing Nos. 13 and 17. On August 2, 2013, the U.S. Court of Appeals for the Eighth Circuit reversed that judgment, remanding for further proceedings. *See Charvat v. Mutual First Federal Credit Union*, 725 F.3d 819 (8th Cir. 2013).[2] On March 10, 2014, the United States Supreme Court denied certiorari.

FNBW now moves to dismiss Charvat's claims, and the claims of any putative class members, under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. FNBW bases its motion on the amendment of the EFTA in December 2012,

---

[1] The purpose of the EFTA is to define individual consumer rights. 15 U.S.C. § 1693(b). The EFTA requires any ATM operator who imposes fees on consumers in connection with EFTs to provide notice of the fact that a fee is being imposed and the amount of the fee. 15 U.S.C. § 1693b(d)(3)(A). At the time of Charvat's transactions, and at the time of the filing of his Complaint, the EFTA required the notice to be posted in two places–both "on or at" the ATM, and on the screen of the ATM or, alternatively, on a paper notice issued before the transaction was completed. 15 U.S.C. § 1693b(d)(3)(B). An ATM operator was prohibited from imposing a fee on a consumer unless the EFTA's notice requirements were followed. 15 U.S.C. § 1693b(d)(3)(C).

[2] Charvat brought a similar action against Mutual First Federal Credit Union, and this Court issued a similar judgment of dismissal in that case. Charvat appealed both orders of dismissal, and the U.S. Court of Appeals for the Eighth Circuit heard the appeals together, issuing a single opinion.

removing the on-machine notice requirement. *See* Act of Dec. 20, 2012, Pub. L. No. 112-216, 126 Stat. 1590 (hereinafter "H.R. 4367").

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 630 (citing *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). "Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010)) (internal quotation marks omitted). "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The complaint's factual allegations must be "sufficient

to 'raise a right to relief above the speculative level.'" *Williams v. Hobbs,* 658 F.3d 842, 848 (8th Cir. 2011) (quoting *Parhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009)).

When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.,* 561 F.3d 778, 783 (8th Cir. 2009).

"Two working principles underlie . . . *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly,* 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

FNBW argues that the amendment of the EFTA negates Charvat's cause of action even though his transaction occurred before the amendment was enacted. Charvat responds that this Court should presume the amendment operates prospectively and deny FNBW's motion to dismiss.

## I.  H.R. 4367 Does Not Negate Charvat's Cause of Action

When determining whether a statute should be applied retroactively, a court first must determine whether Congress "has expressly prescribed the statute's intended reach." *In re ADC Telecoms, Inc. Sec. Litig.*, 409 F.3d 974, 976 (8th Cir. 2005) (citing *Landgraf v. Usi Film Prods.*, 511 U.S. 244, 280 (1994)); *see also Owner-Operator Indep. Drivers Ass'n v. New Prime, Inc.*, 336 F.3d 1001, 1007 (8th Cir. 2003) (quoting *Landgraf*, 511 U.S. at 280) ("If Congress has prescribed the reach, 'there is no need to resort to judicial default rules.'").  If Congress has not expressly stated the temporal reach of the statute, a court proceeds to the second part of the analysis:

> [T]he court must determine whether the new statute would have retroactive effect, *i.e.*, whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.  If the statute would operate retroactively, [the] traditional presumption [against retroactive application] teaches that it does not govern absent clear congressional intent favoring such a result.

*Zarcon, Inc. v. NLRB*, 578 F.3d 892, 895 (8th Cir. 2009) (quoting *Landgraf*, 511 U.S. at 280 (1994)) (internal quotation marks omitted); *see also Vartelas v. Holder*, 132 S. Ct. 1479, 1490-91 (2012) (applying *Landgraf* analysis in concluding that a statute restricting air travel for certain criminal convictions would have an impermissible retroactive effect if applied to convictions predating the statute's enactment).

Here, this Court finds no basis to conclude that Congress *expressly* directed H.R. 4367 to apply to transactions predating its enactment, nor does any party suggest that such direction was expressed by Congress.  Accordingly, this Court must determine whether

application of H.R. 4367 would impair rights Charvat possessed[3] when he acted in January and March of 2012, and, if so, whether it is clear that Congress *intended* H.R. 4367 to apply retroactively.

### A. Retroactive Effect of H.R. 4367

"A statute does not operate retrospectively merely because it is applied in a case arising from conduct antedating the statute's enactment or upsets expectations based in prior law." *Maitland v. Univ. of Minnesota*, 43 F.3d 357, 362 (8th Cir. 1994) (quoting *Landgraf*, 511 U.S. at 269-70) (internal quotation marks omitted). Such an effect is present when a statute "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 361. "The relevant question is whether the statute 'attaches new legal consequences to events completed before its enactment.'" *Id.* at 362. Answering that question requires consideration of "the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event." *Id.* (internal quotation marks omitted). If the statute has a retroactive effect, a court should apply the traditional presumption against retroactivity unless Congress clearly intended otherwise. *Id.*; *INS v. St. Cyr*, 533 U.S. 289, 316 (2001) ("A statute may not be applied retroactively . . . absent a clear indication from Congress that it intended such a result."), *superseded by statute*, REAL ID Act of 2005, Pub.

---

[3] There is no suggestion that application of H.R. 4367 would impose new duties or increase a party's liability for past conduct.

6

L. No. 109-13, 119 Stat. 231 (removing all district court habeas jurisdiction over orders of removal).

Only one court has held that the retrospective application of H.R. 4367 would *not* impair a vested right of a plaintiff who used an ATM lacking the on-machine notice prior to H.R. 4367's enactment: *Mabary v. Hometown Bank, N.A.*, No. 4:10-cv-3936, 2013 U.S. Dist. LEXIS 36704, at *7, 2013 WL 1124026, at *3 (S.D. Tex. Mar 18, 2013). That court's reasoning was three-part: (1) the amendment did not implicate concerns for predictability or stability in the law, because it did not affect contract or property interests, but merely removed a redundancy in the statutory notice requirement, (2) the plaintiff's right to receive on-machine notice was created solely by statute and not vested once the statute was repealed, and (3) court precedents suggest that rights in tort do not vest until reduced to a final judgment. *Mabary,* 2013 U.S. Dist. LEXIS 36704, at *7-10, 2013 WL 1124026, at *3.

Instead, this Court is persuaded to follow the analysis in *Brown v. Wells Fargo & Co.,* No. 11-1362, 2013 U.S. Dist. LEXIS 181262, at *8, 2013 WL 6851068, at *3-4 (D. Minn. Dec. 30, 2013) (holding that plaintiff possessed a "vested right" to on-machine notice at the time of his ATM transaction), particularly in light of its consideration of the Eighth Circuit's decision in *Charvat v. Mutual First Federal Credit Union*, 725 F.3d 819 (8th Cir. 2013). *See Brown*, 2013 U.S. Dist. LEXIS 181262, at *8-10, 2013 WL 6851068, at *3-4. The Eighth Circuit held that "*[a]t the time* of [the] transactions, the EFTA *created a right* to a particular form of notice before an ATM transaction fee could be levied." *Id*. (emphases supplied) (quoting *Charvat*, 725 F.3d at 824) (internal quotation marks omitted). The District Court for the District of

Minnesota also observed that the Eighth Circuit was aware of the amendment to the EFTA, eliminating the on-machine notice requirement, and nonetheless remanded the case for further proceedings:

> [Plaintiff] had a vested right to "a particular form of notice" before an ATM transaction fee could be levied. The lack of such notice provided him with a right to pursue a claim under the EFTA, as it existed at the time of his transaction. Applying the amended statute to the conduct at issue would, therefore, have a "true" retroactive effect.

*Id*. (quoting *Charvat*, 725 F.3d at 824).

### *B. No Clear Evidence of Congressional Intent Supporting Retroactive Application of H.R. 4367*

FNBW argues that Congress enacted H.R. 4367 to curtail frivolous lawsuits and, therefore, this court should apply the amendment retrospectively and dismiss Charvat's claim. The presumption against retroactivity is a strong one, however, and courts rarely have employed the "clear intent" standard to rebut it, because evidence of such intent must be unequivocal.

"Requiring clear intent assures that Congress itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits." *Landgraf*, 511 U.S. at 272-73 . "It will frequently be true…that retroactive application of a new statute would vindicate its purpose more fully. That consideration, however, is not sufficient to rebut the presumption against retroactivity." *Id.* at 285-86 (internal citation omitted); *see also Vela v. City of Houston*, 276 F.3d 659, 673-74 (5th Cir. 2001) (holding that legislative statements expressing an intent to reduce the unintended additional liability imposed by a prior statute did not satisfy the clear intent

8

requirement for retrospective application); *Mathews v. Kidder, Peabody & Co., Inc.*, 161 F.3d 156, 169-70 (3d Cir. 1998) (holding that an amendment to the Racketeer Influenced and Corrupt Organizations Act (RICO) did not operate retroactively even though the amendment's legislative history showed a clear intention to reduce frivolous actions. "In reacting to [frivolous lawsuits], Congress could have gone so far as to destroy vested rights and obligations. But…if Congress seeks to respond…by reaching back in time to upset settled expectations, it must do so unequivocally and in a way that assures us that it has seriously considered the consequences of such action."); *Maitland*, 43 F.3d at 362 ("A corrective intent is not sufficient to satisfy the clear congressional intent test described in *Landgraf*.").

While it may be inferred that Congress enacted H.R. 4367 to reduce frivolous litigation, there is no evidence that Congress evinced a clear intent to apply the amendment retroactively to divest plaintiffs of their ability to pursue actions based on pre-amendment EFTA violations.

### II. H.R. 4367 Does Not Negate Claims of Potential Class Members

FNBW argues that even if this Court does not apply H.R. 4367 to negate Charvat's individual claims, a class of plaintiffs cannot be certified because class members are not yet parties to the litigation. FNBW relies on the reasoning in *Mabary*, 2013 U.S. Dist. LEXIS 36704, at *3, 2013 WL 1124026, at *1 (holding that a class "clear[ly]" cannot be certified because they were not parties to the litigation prior to H.R. 4367).

Pendency of litigation does not appear to bear on the question of whether retrospective application "would impair rights a party possessed *when he acted*." *Landgraf*, 511 U.S. at 280 (emphasis supplied); *see also Scott v. Boos*, 215 F.3d 940, 949 (9th Cir. 2000) ("The

*Landgraf* test…appears to focus on parties' actions, not the date of filing of the claim."); *Maitland*, 43F.3d at 361, n. 3 ("The date of filing is irrelevant; the date of the events in suit determines whether a court must consider a statute's potential retroactive effect.") (internal citation and quotation marks omitted).

The Eighth Circuit's language in *Charvat* is equally instructive to this Court's handling of potential class members, because the Eighth Circuit determined that persons using ATMs before the enactment of H.R. 4367 possessed "a right" to a particular form of fee notice "[a]t the time of [the] transactions." *Charvat*, 725 F.3d at 824.

## CONCLUSION

Congress did not expressly direct the retroactive application of H.R. 4367, the amendment to the EFTA eliminating the on-machine notice requirement for ATM fees. If H.R. 4367 *were* applied to transactions pre-dating the amendment's enactment, it would have a "retroactive effect," because it would impair rights individuals possessed when they acted.

Because this Court must apply the traditional presumption against retroactive application of statutes, and because there is no evidence of a clear and unequivocal intent on the part of Congress to apply H.R. 4367 retroactively, the presumption against retroactive application controls and FNBW's Motion to Dismiss must be denied.

IT IS ORDERED:

1. The Motion to Dismiss (Filing No. 39) submitted by Defendant First National Bank of Wahoo is denied; and

2. Defendant First National Bank of Wahoo will respond to the Plaintiff's Complaint on or before July 11, 2014.

DATED this 26th day of June, 2014.

                                      BY THE COURT:

                                      s/Laurie Smith Camp
                                      Chief United States District Judge